UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Respondent,<br><br>    v.<br><br>PERFECTO ACEVEDO SANCHEZ,<br><br>    Petitioner. | No. CR-06-2140-FVS<br>    CV-10-3089-FVS<br><br>ORDER DISMISSING PETITIONER'S SECTION 2255 MOTION |

**THIS MATTER** comes before the Court without oral argument based upon Petitioner's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. Petitioner is proceeding pro se.

**BACKGROUND**

On October 4, 2007, Petitioner pleaded guilty, pursuant to a written plea agreement, to counts 1 and 3 of the indictment. (Ct. Rec. 179). The plea agreement contained a waiver of appeal if the Court imposed a sentence of not greater than 210 months. (Ct. Rec. 179 ¶ 18). The plea agreement further contained a waiver of Petitioner's right to file any post-conviction motion under 28 U.S.C. § 2255, attacking his conviction or sentence, except an appeal based on ineffective assistance of counsel. (Ct. Rec. 179 ¶ 18). On January 24, 2008, Petitioner was sentenced to a term of imprisonment of 210 months. (Ct. Rec. 235). Judgment was entered on February 7, 2008. (Ct. Rec. 243). No direct appeal was taken.

On January 27, 2009, Petitioner moved the Court, pursuant to 28 U.S.C. § 2255, for an order affording him a direct appeal proceeding,

ORDER DISMISSING PETITIONER'S SECTION 2255 MOTION - 1

claiming that his counsel erroneously failed to file a notice of appeal despite his request to do so. (Ct. Rec. 252). On February 10, 2009, Respondent filed a motion requesting that the Court vacate the judgment in this matter and reenter judgment to allow Petitioner to file a direct appeal. (Ct. Rec. 257).

On February 12, 2009, the Court vacated and then reentered judgment to allow the appeal period to restart. (Ct. Rec. 259). Petitioner's petition was denied without prejudice. On February 23, 2009, Petitioner filed a Notice of Appeal. (Ct. Rec. 261). Petitioner later voluntarily withdrew this appeal. An order and mandate was issued by the Ninth Circuit on October 1, 2009. (Ct. Rec. 284). Petitioner filed the instant Section 2255 motion on October 5, 2010 (dated September 30, 2010). (Ct. Rec. 286).

**DISCUSSION**

Petitioner requests that the Court vacate his judgment and sentence based on alleged prosecutorial misconduct. (Ct. Rec. 286). Petitioner's reply brief indicates that ground one claims his plea of guilty was involuntary to protect his wife from a threat of a fraud upon the Court from governmental misconduct and that ground two claims the Court imposed an illegal sentence based on a manipulation of his base offense level. (Ct. Rec. 306 at 6).

On November 29, 2010, Respondent filed a motion requesting that the Court dismiss this action for lack of jurisdiction and the failure of Petitioner to state a cause of action. (Ct. Rec. 292). Respondent's basis for dismissal is the waiver of appeal process in the plea agreement and the fact that this is a second or successive petition.

///

ORDER DISMISSING PETITIONER'S SECTION 2255 MOTION - 2

## I. Successive Petition

Petitioner has previously sought relief in this Court pursuant to Section 2255. Petitioner filed a motion pursuant to Section 2255 on January 27, 2009. (Ct. Rec. 252). However, Petitioner used his previously filed petition for the sole purpose of reinstating his direct appeal rights. The Court granted Petitioner this relief. (Ct. Rec. 259). "[A] successful 2255 petition, utilized as a device to obtain an out-of-time appeal, does not render a subsequent collateral challenge 'second' or 'successive' under AEDPA." *Johnson v. United States*, 362 F.3d 636, 638 (9th Cir. 2004). Pursuant to *Johnson*, Petitioner's current petition is not a second or successive Section 2255 motion. Therefore, the Court does not lack jurisdiction to consider Petitioner's subsequent Section 2255 motion on the basis that it is a second or successive petition.

## II. Waiver of Section 2255 Motion

The plea agreement entered into by Petitioner contained a waiver of Petitioner's right to appeal and right to file any post-conviction motion under 28 U.S.C. § 2255 if the Court imposed a sentence of not greater than 210 months. (Ct. Rec. 179 ¶ 18). Petitioner was sentenced to a term of imprisonment of 210 months. (Ct. Rec. 235).

A petitioner may waive his right to assert relief under Section 2255. *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993). A petitioner's waiver of his appeal rights is enforceable if (1) the language of the waiver encompasses the statutory right that is claimed to be waived; and (2) the waiver is knowingly and voluntarily made. *United States v. Nunez*, 223 F.3d 956, 958 (9th Cir. 2000).

///

ORDER DISMISSING PETITIONER'S SECTION 2255 MOTION - 3

Pursuant to the first requirement, the Court must determine whether the agreement, by its terms, waives the right to appeal. In doing so, the Court applies contract principles, including the parol evidence rule. *United States v. Ajugwo,* 82 F.3d 925, 928 (9th Cir. 1996). Under the parol evidence rule, a court looks to, and enforces, the plain language of a contract and does not look to "extrinsic evidence . . . to interpret . . . the terms of an unambiguous written instrument." *Wilson Arlington Co. v. Prudential Ins. Co. of Am.,* 912 F.2d 366, 370 (9th Cir. 1990), *citing Trident Center v. Connecticut General Life Ins. Co.,* 847 F.2d 564, 568-569 (9th Cir. 1988).

Here, the plea agreement states that Petitioner "expressly waives" his "right to appeal his conviction and the sentence imposed by the Court . . . [and] further expressly waives his right to file any post-conviction motion under 28 U.S.C. § 2255, attacking his conviction or sentence. . . ." (Ct. Rec. 179 ¶ 17). The waiver's language is unmistakable and unambiguous. Petitioner clearly waived his statutory right to file a Section 2255 motion in this case.

The second requirement for a valid waiver is that a petitioner knowingly and voluntarily consents to the agreement's express terms. *See* Fed. R. Crim. P. 11(b). A review of the transcript of the October 4, 2007 change of plea hearing reveals that the Court specifically inquired whether Petitioner understood that by entering into the plea agreement he was waiving his right to appeal and right to file a Section 2255 motion if the sentence was 210 months or less. (Ct. Rec. 281 at 16). Petitioner indicated he understood. *Id*. at 16-17. While Petitioner contends he was "coerced to save his wife . . . from imminent harm" (Ct. Rec. 306 at 8), the Court specifically asked

ORDER DISMISSING PETITIONER'S SECTION 2255 MOTION - 4

Petitioner if "anybody threatened to harm you or someone in your family or a friend to force or make you plead guilty to any crime" (Ct. Rec. 281 at 17). Petitioner answered "no," indicated it was his decision to enter a plea, and stated that he was guilty of conspiracy to distribute a controlled substance and guilty of possession with intent to distribute a controlled substance. *Id*. At his sentencing hearing, the Court imposed a term of incarceration of 210 months, thus triggering the waiver.

The change of plea hearing was conducted in accordance with Rule 11, the sentence was within the statutory admissible range and based upon a correct application of the sentencing guidelines, and Petitioner has not asserted a claim of ineffective assistance of counsel. Based upon the evidence of record, the Court finds the waiver was knowingly and voluntarily made. Because Petitioner's waiver of his right to file a Section 2255 motion in his signed plea agreement is unambiguous and knowingly and voluntarily made, Petitioner's pending Section 2255 petition is dismissed for lack of jurisdiction. *See United States v. Vences*, 169 F.3d 611 (9th Cir. 1999) (When a defendant's waiver of his right to appeal is a valid and enforceable waiver, the Court is without jurisdiction to entertain an appeal).

The Court being fully advised, **IT IS HEREBY ORDERED**:

1. Respondent's motion to dismiss this case (**Ct. Rec. 292**) is **GRANTED**.

2. Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (**Ct. Rec. 286**) is **DISMISSED**.

///

ORDER DISMISSING PETITIONER'S SECTION 2255 MOTION - 5

   3.  Petitioner's motion for leave to compel discovery (**Ct. Rec. 287**), requests for appointment of counsel and request for investigative expert funds are **DENIED as moot**.

   **The District Court Executive shall close this file as well as the corresponding civil case:  CV-10-3089-FVS.**

   **IT IS SO ORDERED.**  The District Court Executive is directed to enter this order, furnish copies to **PETITIONER** and counsel for the Respondent, and **CLOSE THE FILES**.

   **DATED** this   16th   day of May, 2011.

                                S/Fred Van Sickle
                                Fred Van Sickle
                       Senior United States District Judge

ORDER DISMISSING PETITIONER'S SECTION 2255 MOTION - 6